THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALEXANDER RIVAS,<br><br>Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Acting Field Office Director, Salt Lake City Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (ICE/ERO); BARRY GOLDING, Washington County Sheriff; DAVID VENTURELLA, Acting Director of ICE; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE AND ORDER STAYING TRANSFER DURING PENDENCY OF PETITION**<br><br>Case No. 4:26-cv-00098-DN<br><br>District Judge David Nuffer |

Petitioner Alexander Rivas, a national of El Salvador who came to the United States approximately 14 years ago seeking asylum, and whom was allowed to remain in the United States under the Convention Against Torture and a Withholding of Removal Order, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition").[1] Petitioner alleges unlawful confinement in violation of the Constitution and laws of the United States.[2] Mr. Rivas seeks release from custody.[3]

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are

[1] Docket no. 1, filed Aug. 21, 2026.

[2] *Id*. at 8-25.

[3] *Id*. at 25-26.

present in the United States without authorization.[4] Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court,[5] it does have jurisdiction over habeas petitions.[6] And the district court possesses the power to act to preserve the status quo in the near term, even if jurisdiction is ultimately lacking over a petition. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction.[7]

Here, it appears the relief Mr. Rivas seeks is not review of an immigration order or an injunction or stay preventing the execution of such an order. Mr. Rivas alleges arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. Therefore, subject-matter jurisdiction is present to consider the Petition under 28 U.S.C. § 2241(a).

The facts alleged in the Petition, if true, demonstrate that Mr. Rivas is being unlawfully detained in violation of the Constitution and the laws of the United States. This District and the Tenth Circuit have recently considered the issues raised in this Petition in other matters. These cases arise from a revised interpretation of the Immigration and Nationality Act ("INA") proposed by the U.S. Department of Homeland Security ("DHS"), under which a large category of immigrants—a class that allegedly includes Mr. Rivas—is subject to mandatory detention

---

[4] *Plyler v. Doe*, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

[5] 8 U.S.C. § 1252(a)(1), (g).

[6] 28 U.S.C. § 2241(a); U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

[7] *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).

under 8 U.S.C. § 1225. The Tenth Circuit has held detention under these circumstances is unlawful.[8]

Mr. Rivas's Petition will be granted absent a showing from Respondents that this case is meaningfully distinct, and that a valid legal basis for Mr. Rivas's detention exists. And to preserve the status quo during the pendency of Mr. Rivas's Petition, it is necessary and appropriate to prohibit Mr. Rivas from being transferred from the District of Utah or removed from the United States.[9]

COUNSEL MUST CAREFULLY REVIEW THE FOLLOW ORDERS AND DIRECTIVES, AND MUST COMPLY AND COMMUNICATE THESE ORDERS AND DIRECTIVES TO RESPONDENTS AND MR. RIVAS'S CUSTODIAN.

## 1 ORDER

THEREFORE, IT IS HEREBY ORDERED as follows:

### 1.1 Order to Show Cause

Respondents are ORDERED TO SHOW CAUSE why Mr. Rivas's Petition should not be granted. Respondents shall answer or otherwise respond to this Order and the Petition by no later than **noon on Wednesday, August 26, 2026**. Respondents' answer or other responses must identify (1) whether the federal government issued a warrant prior to Mr. Rivas's arrest pursuant to 8 U.S.C. § 1226 or any other law of the United States; (2) the location and existence of Mr.

---

[8] *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026); *Uzcategui v. Brooksby*, No. 4:26-cv-00020-DN, 2026 WL 622751, *6-13 (D. Utah Mar. 5, 2026); *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184, *10 (D. Utah Jan. 16, 2026).

[9] *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action. *Id*. at 294–95. This principle of preserving the status quo applies with even greater force where, as here, the prohibited action would otherwise destroy jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

Rivas's immigration administrative record; and (3) the factual circumstances and legal basis that make Mr. Rivas's Petition meaningfully distinct from the precedent of this District and the Tenth Circuit.[10]

Assuming that an order on Mr. Rivas's Petition is not issued by the end of the day on August 26, 2026, Mr. Rivas may file a reply by no later than **4:00 p.m. on Friday, August 28, 2026**. A hearing on the Petition will be set, if necessary, after Respondents' response and any reply has been considered.

### 1.2 Prohibition on Mr. Rivas's Transfer or Removal

The Petition alleges that Mr. Rivas is being detained within the District of Utah at the Washington County Jail.[11] Mr. Rivas shall not be transferred to another judicial district unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and it shall state the reasons why Respondents believe such a movement is necessary and should not be prohibited pending further court proceedings. Mr. Rivas shall not be moved out of the District of Utah for a period of at least 120 hours from the time Respondents docket the notice described in this Paragraph.

If Respondents contest that Mr. Rivas is presently confined in the District of Utah, Respondents shall file a notice in writing on the docket in this case stating the name and location of the facility in which Mr. Rivas is confined. Such notice shall be provided promptly after Respondents become aware of that fact.

[10] *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026); *Uzcategui v. Brooksby*, No. 4:26-cv-00020-DN, 2026 WL 622751, *6-13 (D. Utah Mar. 5, 2026); *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184, *10 (D. Utah Jan. 16, 2026).

[11] Petition ¶ 20 at 4.

Mr. Rivas shall not be deported, removed, or otherwise transferred outside the United States until further order of this court.

### 1.3 Service of Petition and this Order

By no later than **4:00 p.m. on Friday, August 21, 2026**, Mr. Rivas's counsel is directed (1) to serve Respondents with a copy of the Petition and a copy of this Order, by e-mail to the United States Attorney's Office for the District of Utah and by overnight mail; and (2) to promptly file proof of such service on the docket in this case. Counsel for Respondents shall promptly enter notices of appearance.

To ensure the relevant government officials have notice of this Order and other relevant documents, the Clerk of Court is directed to serve a copy of this Order and the Petition on the United States Attorney for the District of Utah's Southern Region (Joseph Hood and Angela Reddish-Day) and to the Chief of the Civil Division (Tyler Murray) and Todd Bouton, Adam Elggren, and Danielle Carter in the Salt Lake office by attaching the documents to an email sent to their government email addresses: joseph.hood@usdoj.gov; angela.reddish-day@usdoj.gov; tyler.murray2@usdoj.gov; todd.bouton@usdoj.gov; adam.elggren@usdoj.gov; danielle.carter@usdoj.gov.

Signed August 21, 2026.

BY THE COURT

David Nuffer
United States District Judge